```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GREGORY LAWRENCE DAWSON,          :    CIVIL ACTION
                                  :    NO. 14-2877
         Plaintiff,               :
                                  :
     v.                           :
                                  :
ERIC COOK,                        :
                                  :
         Defendant.               :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              February 24, 2017


      Plaintiff Gregory Lawrence Dawson ("Plaintiff"), a former inmate at Curran-Fromhold Correctional Facility ("the Facility"), brings this pro se action under 42 U.S.C. § 1983 against Defendant Eric Cook ("Officer Cook" or "Defendant"), a corrections officer at the Facility.  Plaintiff alleges that, on September 2, 2012, during an altercation between Plaintiff and Defendant, Defendant used excessive force against him in violation of the Eighth Amendment, resulting in injuries to Plaintiff's head, requiring several stiches and causing Plaintiff to permanently lose vision in his left eye.  Plaintiff pleaded guilty to aggravated assault in connection with the incident.  Following the Court's March 29, 2016, denial of Defendant's first motion for summary judgment without prejudice,

Defendant filed a second motion for summary judgment. Plaintiff has not responded to the motion.[1] For the reasons discussed below, the Court will grant Defendant's motion.

I.  **FACTUAL BACKGROUND**[2]

Plaintiff alleges that, on September 2, 2012, Officer Cook entered his cell and repeatedly punched him in the face, causing Plaintiff to fall and hit his head on a metal bunk. Compl. at 3, ECF No. 3. He alleges that Officer Cook then kicked him in the face several times. Id. Plaintiff claims that his two cellmates were present and witnessed the incident. Id. As a result of the altercation, Plaintiff alleges, he suffered a cut to the left side of his head, which required eight stitches, and also lost vision in his left eye. Id. As of May 14, 2014, the date Plaintiff filed his complaint, he still had no vision in his left eye. Id.

Plaintiff admits in his complaint that the Facility has a grievance procedure. Id. at 4. Plaintiff alleges that he

---

[1] Although Plaintiff has not responded to the motion for summary judgment, the Court has an independent obligation to ensure that Defendant has met his burden to show that there is no genuine dispute as to any material fact and he is entitled to judgment as a matter of law. See Local R. Civ. P. 7.1(c); Fed. R. Civ. P. 56(e); Watkins v. Leonard, No. 03-0109, 2005 WL 1367409, at *2 (E.D. Pa. June 7, 2005).

[2] The facts are presented in the light most favorable to Plaintiff, the nonmoving party.

filed a grievance regarding the incident, in which he claimed that Officer Cook used excessive force on him. See id. According to Plaintiff, he never received a response to the grievance and it was never addressed at any meetings he had with a prison official. Id. at 5. At his deposition, Plaintiff stated that he filed a grievance for the incident, but that he does not have copies of any of the documents related to his grievance. See Dawson Dep. 42:6-23, Mar. 12, 2015, Def.'s Mot. Summ. J. Ex. C, ECF No. 18-4.

Defendant disputes that Plaintiff submitted a grievance for the September 2, 2012 incident. See Def.'s Statement of Undisputed Material Facts ¶ 6, Def.'s Mot. Ex. A, ECF No. 18-1. In support of this assertion, Defendant submits an affidavit from Patricia Powers ("Warden Powers"), the Deputy Warden of the Philadelphia Prison System. See Powers Aff., Def.'s Mot. Ex. B, ECF No. 18-3.

Warden Powers has attached various documents to the affidavit, including the Philadelphia Prison System's Inmate Grievance Procedures dated July 29, 2005 ("the Policy"). See Policy, Def.'s Mot. Ex. B, ECF No. 18-3. According to the Policy, an inmate may file a formal, written grievance within ten days of a qualifying incident by completing and submitting an inmate grievance form. See id. at 5. The inmate retains the bottom copy of the form as his or her receipt of filing. Id.

If an inmate believes that he or she is being denied access to the grievance process - for example, because grievance forms are not available - the inmate may forward his or her grievance directly to the Commissioner of the Philadelphia Prison System. Id.

When a grievance is submitted, the Deputy Warden for Administration is responsible for reviewing the grievance and deciding whether to (1) reject the grievance and return it to the inmate, if the grievance concerns a non-grievable issue, is frivolous on its face, or is otherwise inconsistent with the inmate grievance procedures; (2) attempt to resolve the grievance him or herself; or (3) distribute the grievance to an appropriate staff member for resolution. Id. at 6. If the Deputy Warden rejects or resolves the grievance, he or she must do so within fourteen days of its receipt. If the Deputy Warden submits the grievance to a staff member to resolve, the staff member must forward the grievance form with a proposed resolution to the Deputy Warden within thirty days of receiving it. Id. After the Deputy Warden reaches a resolution, he or she will then draft a Finding of Inmate Grievance and forward it to the Warden for review. Id. The Warden will then review the recommended action of the Deputy Warden, and approve, deny, or modify it within fourteen days of receipt by noting his or her

decision on the Finding of Inmate Grievance Form.  Id. at 7.  The Warden will then forward signed copies to the inmate.  Id.

According to the Policy, if an inmate is unsatisfied with the Warden's decision, the inmate has five days after receipt of the Finding of Inmate Grievance Form to appeal the decision to the Commissioner.  Id.  The Policy also provides that an inmate may proceed to the next level of review if the time limit for the instant stage of review has expired.  See id. at 3 ("Expiration of a time limit at any stage of the process shall entitle the grievant to move to the next level of the process, unless the grievant has agreed in writing to an extension of the time for a response.").

In addition to the Policy, Warden Powers attaches printed records from the Philadelphia Prison System's electronic system regarding Plaintiff's grievances from November 10, 2009, through November 25, 2013.  ECF No. 18-3 at 4-12.  Warden Powers states that she has knowledge of the information contained in the printed records, that the records were kept in the course of regular prison system activity, and that making such records is a regular practice of the Philadelphia Prison System.  Powers Aff. ¶ 7.  Warden Powers further states that, based on her review of the records, Plaintiff never filed a grievance

relating to his alleged interaction with Officer Cook on September 2, 2012.[3] Id. at ¶ 8.

According to Defendant, Plaintiff can no longer file a grievance regarding his interaction with Officer Cook, as his time limit for submitting a grievance for that incident has expired under the Policy. Def.'s Statement of Undisputed Material Facts ¶ 8; see also Powers Aff. ¶ 11. Warden Powers bases this conclusion on the Policy itself, as well as printed records from the Philadelphia Prison System's electronic system regarding Plaintiff's changes in housing from May 26, 2009, through April 6, 2014. See Powers Aff. ¶ 11.

At his deposition, Plaintiff admitted that he pleaded guilty to aggravated assault for attacking Officer Cook. See Dawson Dep. 32:16-33:24. Plaintiff also agreed that he was sentenced to eleven-and-a-half to twenty-three months on the assault charge, followed by two years of probation. Id. at 33:19-24.

## II. PROCEDURAL HISTORY

Plaintiff filed this action on May 19, 2014, bringing claims under 42 U.S.C. § 1983 against Officer Cook and the

---

[3] Instead, the documents show that Plaintiff filed a grievance regarding his medication on September 17, 2012, as well as three subsequent grievances regarding matters unrelated to his interaction with Officer Cook. See id. ¶ 9; see also Def.'s Mot. Ex. B at 4-12.

Philadelphia Prison System.  ECF Nos. 1, 3.  The Court granted in forma pauperis status on May 22, 2014, and dismissed Plaintiff's claims against the Philadelphia Prison System as legally frivolous in the same order.  ECF No. 2.  Plaintiff's complaint brings one claim of excessive force against Officer Cook and seeks $5,000,000 in damages.  See Compl. at 4-5.

Defendant answered the complaint on October 24, 2014.  ECF No. 7.  In the answer, Defendant asserts numerous affirmative defenses, including that Plaintiff's claims are barred because he failed to comply with provisions of the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), requiring exhaustion of all administrative remedies before commencing a federal suit.  Answer at 4.

Defendant deposed Plaintiff, and subsequently filed a motion for summary judgment on July 22, 2015.  ECF No. 14.  The Court denied Defendant's motion for summary judgment without prejudice on March 29, 2016, and ordered Defendant to file an amended motion for summary judgment by April 30, 2016, attaching thereto any administrative prison policy or other documents on which the motion relied, including pinpoint references to Plaintiff's deposition.  ECF No. 17.  The Court also ordered Plaintiff to respond to any motion for summary judgment by May 30, 2016.  Id.

Defendant filed a second motion for summary judgment on April 12, 2016. ECF No. 18. On June 14, 2016, the Court ordered Plaintiff to file a response, if any, to Defendants' second motion for summary judgment by July 5, 2016. ECF No. 19. As of today, Plaintiff has not filed a response. The Court is now ready to rule on the motion.

### III. LEGAL STANDARD

Summary judgment is awarded under Federal Rule of Civil Procedure 56 when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Liberty Mut. Ins. Co. v. Sweeney, 689 F.3d 288, 292 (3d Cir. 2012). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views all facts in the light most favorable to the nonmoving party.

8

"After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the nonmoving party, who must "set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 250.

A document filed pro se is to be "liberally construed" and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). In addition, when considering a motion in a pro se plaintiff's proceedings, a court must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999). However, on a motion for summary judgment, "a pro se plaintiff is not relieved of his obligation under Rule 56 to point to competent evidence in the record that is capable of refuting a defendant's motion for summary judgment." Ray v. Fed. Ins. Co., No. 05-2507, 2007 WL 1377645, at *3 (E.D. Pa. May

9

10, 2007) (Robreno, J.). "[M]erely because a non-moving party is proceeding pro se does not relieve him of the obligation under Rule 56(e) to produce evidence that raises a genuine issue of material fact." Boykins v. Lucent Techs., Inc., 78 F. Supp. 2d 402, 408 (E.D. Pa. 2000) (Robreno, J.).

## IV. DISCUSSION

Defendant argues that Plaintiff's excessive force claim fails as a matter of law because (1) Plaintiff failed to exhaust his administrative remedies; (2) Plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994), due to Plaintiff's conviction for aggravated assault for the same incident; and (3) Officer Cook is entitled to qualified immunity. See Def.'s Mem. Law Support. Mot. Summ. J., ECF No. 18 [hereinafter Def.'s Mem.].

For the reasons discussed below, the Court finds that Defendant has demonstrated that there is no genuine issue of material fact regarding Plaintiff's failure to exhaust his administrative remedies, and that Defendant's motion for summary judgment should be granted on that basis. As a result, the Court will not reach Defendant's arguments that Plaintiff's claim is barred by Heck v. Humphrey and that Officer Cook is entitled to qualified immunity.

As amended by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (amended by Pub. L. 104-134, Title I, S101(a), 110 Stat. 1321-71 (1996)). Exhaustion is mandatory in cases covered by the PLRA. See Porter v. Nussle, 534 U.S. 516, 524, 532 (2002). Further, a plaintiff's "[f]ailure to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendant." Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002).

The Third Circuit has held that excessive force is a "prison condition" for purposes of the PLRA. Booth v. Churner, 206 F.3d 289, 291 (3d Cir. 2000). Therefore, a prisoner bringing an excessive force claim under § 1983 is required to exhaust the administrative remedies available to him prior to filing an excessive force action in federal district court. Id. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules' - rules that are defined not by the PLRA, but by the prison grievance process itself." Johns v.

Bock, 549 U.S. 199, 212 (2007) (citation omitted) (quoting Woodford v. Ngo, 548 U.S. 81, 88 (2006)).

The exhaustion requirement applies only if the plaintiff is incarcerated at the time the action is filed in district court. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001) (noting that the PLRA "requires that the plaintiff exhaust administrative remedies, but only if the plaintiff is a prisoner at the time of filing"). Therefore, where a prisoner is released prior to filing a lawsuit, he need not meet the exhaustion requirement for suits based on prison conditions that occurred prior to his release. See Ahmed v. Dragovich, 297 F.3d 201, 210 (3d Cir. 2002).

Defendant argues that (1) Plaintiff was required to exhaust his administrative remedies prior to filing this suit; and (2) Plaintiff did not do so, because he never submitted a grievance for the incident. See Def.'s Mem. at 2.

As Plaintiff was a prisoner at the time of filing this suit, see ECF No. 1, he was required to exhaust his administrative remedies under the PLRA. See Abdul-Akbar, 239 F.3d at 314. Although Plaintiff was released shortly after the incident, he was later re-incarcerated at the same facility. As Defendant correctly argues, Plaintiff's release and subsequent re-incarceration does not excuse his failure to exhaust his administrative remedies. See Halaka v. Park, No. 12-1506, 2014

WL 2457395, at *3 (W.D. Pa. May 29, 2014) (collecting cases holding that an intervening release from custody does not excuse a failure to exhaust administrative remedies if the plaintiff is imprisoned at the commencement of a lawsuit).

In support of his argument that Plaintiff never filed a grievance, Defendant submits records from the Philadelphia Prison System's electronic system, together with the sworn statements of Warden Powers that the printed records are complete.  Based on the information Defendant has submitted, there is no electronic record of the grievance that Plaintiff filed, and there is no basis for the Court to conclude that Plaintiff submitted a grievance that was not recorded.

Plaintiff alleged in his complaint and testified at his deposition that he filed a grievance regarding the incident with Officer Cook.  <u>See</u> Compl. at 4-5; Dawson Dep. 42:6-23. However, there is no evidence in the record, aside from Plaintiff's unsupported assertions, that demonstrate that Plaintiff did indeed file a grievance.  Plaintiff also has not responded to Defendant's submissions demonstrating that a grievance was never filed, despite having ample time to do so. Although Plaintiff is proceeding pro se, that status does not excuse him from his obligation to demonstrate that a genuine issue of material fact exists with respect to his failure to

exhaust his administrative remedies.  See Boykins, 78 F. Supp. 2d at 408.

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of evidence."  Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004).  However, a dispute is only "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248.  In order for a jury to find that Plaintiff did file a grievance and therefore properly exhausted his administrative remedies, the jury would need to conclude that either (1) Plaintiff filed a grievance that was never recorded, electronically or otherwise, or (2) Plaintiff's grievance was recorded and prison officials deleted the information regarding the grievance from the electronic system.  There are no facts in the record supporting these theories of the case.  See, e.g., Scott v. Harris, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").  In addition, the Policy provides that the inmate receives a "receipt" upon filing a grievance (the bottom copy of the inmate grievance form), which Plaintiff has not provided to the Court.

14

See Policy at 5.  Nor has Plaintiff provided any explanation as to why he does not have a receipt for the grievance he claims he submitted.

Further, even if a reasonable jury could conclude that Plaintiff did file a grievance, he has not alleged that he appealed the lack of a response to his grievance.  According to the Policy, Plaintiff was permitted to appeal the lack of a response to his grievance after the time limit for a response had expired.  See Policy at 3 ("Expiration of a time limit at any stage of the process shall entitle the grievant to move to the next level of the process, unless the grievant has agreed in writing to an extension of the time for a response.").  The Policy provides that the Deputy Warden must either resolve the grievance himself within fourteen days, or distribute it to a staff member, who must resolve it within thirty days.  See id. at 6.  Upon reaching a resolution or agreeing with a staff member's proposed resolution, the Deputy Warden must submit a Finding of Inmate Grievance to the Warden for review, who must approve, deny, or modify the Deputy Warden's recommendation within fourteen days.  See id. at 7.  At the latest, then, Plaintiff should have received a response to his grievance less than two months after submitting it.  At the time Plaintiff filed his complaint, two years had elapsed since the incident, and Plaintiff alleges that he had not received a response to his

15

grievance in that time. Although the Policy clearly permitted Plaintiff to proceed directly to review by the Commissioner after not receiving a response to his grievance within the required time limits, Plaintiff has not established – or even alleged – that he did so.

A grievance is not properly exhausted if a prisoner does not pursue it through all available appeals. See Woodford, 548 U.S. at 93-97. Some courts have held that "a plaintiff who files grievances and receives no response has exhausted his or her remedies." Carter v. Morrison, No. 06-3000, 2007 WL 4233500, at *7 (E.D. Pa. Nov. 28, 2007); see also Brown v. Lewis, No. 10-2050, 2011 WL 1584059, at *3 (E.D. Pa. Apr. 27, 2011) (holding that an inmate who filed proper grievance forms had exhausted his available administrative remedies where there was no evidence in the record that he ever received a response). However, the Third Circuit has held that the exhaustion requirement contained in § 1997e(a) "includes a procedural default component." Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2014). Procedural default is governed by the applicable prison grievance system, as long as the "procedural requirements [are not] imposed in a way that offends the Federal Constitution or the federal policy embodied in § 1997e(a)." Id. at 232.

Here, the Policy provided Plaintiff with the ability to appeal the lack of a response. Even if Plaintiff did submit

a grievance, therefore, his failure to appeal the lack of a response establishes that he did not exhaust his administrative remedies. See, e.g., Booth v. Loreno, No. 02-6752, 2007 WL 2668898, at *12 (E.D. Pa. Sept. 6, 2007) (holding that the plaintiff did not exhaust his administrative remedies where the superintendent did not respond to a grievance that the prison had no record of receiving); Rister v. Williams, No. 11-1733, 2014 WL 794590, at *5-6 (M.D. Pa. Feb. 27, 2014) (granting summary judgment for the defendant where the plaintiff did not appeal the lack of a response to his grievance).

In sum, there is no evidence in the record supporting Plaintiff's assertion that he filed a grievance. Further, as the Policy permitted Plaintiff to appeal the lack of a response, and Plaintiff has not even alleged that he did so, there is no genuine issue of material fact with respect to Plaintiff's failure to exhaust his administrative remedies, even if Plaintiff did in fact file an initial grievance.

## V. CONCLUSION

For the reasons stated above, the Court will grant Defendant's motion for summary judgment.

An appropriate order follows.